J-S55019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN SOUFFRANT | |
| Appellant | No. 217 MDA 2017 |

Appeal from the PCRA Order January 10, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002313-2013, CP-36-CR-0002314-2013

BEFORE:  DUBOW, RANSOM, and STRASSBURGER, JJ.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED SEPTEMBER 15, 2017**

Appellant, Kevin Souffrant, appeals from the order entered January 10, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the facts of this matter as follows:

> On March 9, 2013, officers from the Lancaster City Bureau of Police responded to a report of shots fired at 1117 Wabank Street, apartment C-304, in Lancaster County, Pennsylvania. Upon arrival, officers located inside the apartment a deceased female, Shadae Brooks, who had suffered multiple gunshot wounds, and additionally found Appellant in the vestibule outside of the apartment, also suffering from multiple gunshot wounds. Their investigation led police officers to interview Leonda

---

[*] Retired Senior Judge assigned to the Superior Court.

Washington and Shaina Taylor-Brooks, who informed police that they had been inside the apartment prior to the shooting, and saw Appellant strike the victim on the head with a small silver handgun, and threaten to kill everyone in the apartment, including three children under age five. Ms. Washington and Ms. Taylor-Brooks were able to leave the apartment with two of the children while Appellant was beating the victim, and when the victim attempted to give Ms. Washington and Ms. Taylor-Brooks the third child to take with them, Appellant physically restrained her from doing so, and pointed the gun at Ms. Washington and Ms. Taylor-Brooks. Ms. Washington and Ms. Taylor-Brooks were able to leave with two of the children while the victim remained in the apartment with Appellant and her infant child. Appellant instructed Ms. Washington and Ms. Taylor-Brooks that if he heard police sirens he would shoot the victim, and the two women thus opted not to report the incident to police. However, at approximately 4:38 p.m. that afternoon, Officer Mark Gehron received a report from an unidentified source of shots fired at Apartment C-304, and upon arrival found Appellant and the deceased victim. Appellant was transported to Lancaster General Hospital for treatment of his gunshot injuries, where he was interviewed by police and informed them that two men had entered his apartment and shot him and the decedent. Following further investigation, Appellant was arrested and charged with the aforementioned crimes.

See **Commonwealth v. Souffrant**, 125 A.3d 459, *1-3 (Pa. Super. 2015) (unpublished memorandum) (internal citations to the record omitted).

Following a trial during which the jury heard a tape of Appellant threatening to kill the victim and witnesses, Appellant was convicted of first-degree murder, aggravated assault, two counts of simple assault, terroristic threats, and endangering the welfare of a child.[1] On July 3, 2014, Appellant received a mandatory sentence of life imprisonment for first-degree murder

---

[1] **See** 18 Pa.C.S. §§ 2502(a), 2702(a)(1), 2701(a)(3), 2706(a)(1), and 4304(a)(1), respectively.

and aggregate consecutive sentences of eleven to twenty-two years of incarceration on the remaining charges. Appellant's judgment of sentence was affirmed on appeal. **Souffrant**, 125 A.3d at 459. He did not petition the Pennsylvania Supreme Court for allowance of appeal.

In March 2016, Appellant *pro se* timely filed a petition seeking post-conviction relief. Counsel was appointed and filed an amended petition on Appellant's behalf, arguing that trial counsel was ineffective for failing to argue for a manslaughter verdict. **See** PCRA Petition, 7/1/16, at ¶¶ 44-51. The court convened a hearing at which trial counsel, Douglas Conrad, testified.

Mr. Conrad testified that his theory of the case, based upon 1) Appellant's statements to police; 2) police acknowledgment there were no cameras from the courtyard in the back stairwell; and 3) the back door latch did not close all of the time, was that other individuals had broken into the apartment and committed the crime. **See** Notes of Testimony (N.T.), 9/23/16, at 9-10.

Mr. Conrad discussed potential theories of the case with Appellant prior to trial, and Appellant agreed it was not in his best interests to testify, due to the potential admission of prior bad acts evidence and prior convictions. **Id.** at 23-24. This evidence included 1) Appellant throwing urine on the victim; 2) Appellant pulling the victim out of a car; 3) Appellant punching the victim in the mouth and hitting her with a door; and 4) several

New York convictions. *Id.* at 24-25. Additionally, had Mr. Conrad chosen to present the "alternative" theory of heat of passion, he would have had to inform the jury Appellant had lied to the police, and he was concerned that this would negatively affect Appellant's credibility. *Id.* at 25-26. Following these discussions, Mr. Conrad picked the theory he felt had the best chance of success. *Id.* at 39.

Following the hearing, the PCRA court denied Appellant's petition. Appellant timely appealed. The PCRA court did not issue an order pursuant to Pa.R.A.P. 1925(b) but instead relied upon its opinion denying Appellant's petition.

On appeal, Appellant raises a single issue for our review:

Did the lower court err by failing to find trial counsel ineffective for choosing a trial strategy that had virtually no chance of producing a verdict other than first-degree murder where an alternative strategy was available that would likely have produced a different verdict?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

- 4 -

Appellant contends that counsel provided ineffective assistance for his failure to argue that Appellant had committed the killing while acting under the heat of passion. *See* Appellant's Brief at 9. Essentially, he contends that 1) trial counsel chose a strategy that had virtually no chance of resulting in an outcome other than first-degree murder, and 2) an alternative strategy was available that would have resulted in a more favorable outcome. *Id.* Appellant claims trial counsel should have argued that this was a domestic incident that "turned extremely violent" when the decedent attempted to kill Appellant by shooting him three times, and that counsel should have advanced this argument despite Appellant's lack of testimony. *Id.* at 10-11.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements.

***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Initially, we note that a person is guilty of voluntary manslaughter if at the time of the killing he acted under a sudden and intense passion resulting from serious provocation by the victim. ***See Commonwealth v. Browdie***, 671 A.2d 668, 671 (Pa. 1996); ***see also*** 18 Pa.C.S. § 2503(a). "Heat of passion" includes emotions such as anger, rage, sudden resentment or terror, rendering the mind incapable of reason. ***Id.*** A defendant is not entitled to a voluntary manslaughter charge where the evidence does not support it. ***Id.***

Here, Appellant's claim fails on both the prejudice and the reasonable basis theories. First, Appellant's claim that a manslaughter defense would have altered the result of the trial cannot succeed. Although he argues that the evidence showed that Ms. Brooks shot Appellant three times before he killed her, Appellant does not address the evidence contradicting his manslaughter theory, namely 1) numerous areas of bruising, bite marks, and trauma on Ms. Brooks' body, and 2) a recording of Appellant's threats to kill Ms. Brooks made prior to the attack and murder. As this testimony would have directly contradicted Appellant's original statements to the police and the jury may not have credited it, Appellant cannot claim that but for counsel's failure to advance the manslaughter theory, the outcome would

have been different. **See**, **e.g.**, **Johnson**, 966 A.2d at 533. Thus, his claim fails. **Springer**, 961 A.2d at 1267.

Further, counsel had an objective, reasonable basis for failing to advance a manslaughter defense. We note, additionally, that with regard to the reasonable basis prong,

> where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Also as a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion . . . The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.

**Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (internal citations and quotations omitted). Here, counsel's strategy had a reasonable basis designed to effectuate his client's interests. As the PCRA court correctly noted, the trial strategy employed by Mr. Conrad was consistent with the original statements Appellant made to police, and was supported by testimony and facts introduced at trial. **See** PCO at 5-6. That the jury did not, ultimately, believe this testimony is not a factor in the reasonable basis analysis. Here, the court credited Mr. Conrad's testimony 1) that he discussed with Appellant the possibility of Appellant testifying at trial, and decided against it due to the risk of prior bad acts evidence; and 2) he picked the strategy he felt had the best probability of success. **Id.** On the

contrary, the strategy suggested by Appellant would have required counsel's acknowledgment that Appellant's original statements to police were inconsistent with the arguments now proffered. **See** Appellant's Brief at 11.

Accordingly, Appellant cannot show that the alternative theory he avers counsel should have pursued would have offered a potential for success substantially greater than the course actually pursued. **See Koehler**, 36 A.3d at 132; **Springer**, 961 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017